SHEPHERD, J.
Ernest King purportedly seeks review of an order concerning his Florida Rule of Criminal Procedure “3.800(a) motion to *1093 correct illegal sentence.” We dismiss the appeal without prejudice as premature.
On October 6, 2011, King filed a “Rule B.800 Motion to Correct Illegal Sentence,” in which he raises a single issue: whether King is entitled to sentencing relief where there are no qualifying prior crimes sufficient to impose habitual felony offender status. The record on appeal contains two orders. The first order, entered and rendered March 27, 2012, states, “The defendant has requested placement at South Bay Correctional Institute] to take advantage of educational and vocational programs offered at that facility. The court recommends that the Department place the defendant at that facility.” The second order, entered March 27, 2012, and rendered April 9, 2012, states, “The court recommends the defendant [be] housed at South Bay Correctional Facility to Take Advantage of educational and vocational programs at the facility.”
We are unable to determine how the trial court arrived at its orders changing King’s “residence.” Regardless, neither the record nor the trial court docket reflects any ruling by the trial court on the actual issue raised in King’s October 6, 2011, Rule 3.800 motion and response by the State dated November 17, 2011.
Because there presently is no reviewable order from which this court might grant relief, the appeal is dismissed without prejudice to King filing an appropriate motion if and when the time comes.
Appeal dismissed.